## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| STORY OF STUFF PROJECT; and COURAGE CAMPAIGN INSTITUTE,<br><br>      Plaintiffs,<br><br>      v.<br><br>UNITED STATES FOREST SERVICE,<br><br>      Defendant. | Case No. 17-cv-00098 (APM) |

### PLAINTIFFS' RESPONSE TO SUPPLEMENTAL AUTHORITY

Plaintiffs now respond to the Defendant's supplemental authority citation of *Food Marketing Institute v. Argus Leader Media*, __ S.Ct. __, 2019 WL 2570624 (June 24, 2019). While Plaintiffs agree that that decision overturns the "substantial competitive harm" requirement of *National Parks and Conservation Ass'n v. Morton*, 498 F.2d 765 (D.C. Cir. 1974), it did nothing to disturb the D.C. Circuit's precedent that records "substantially identical" or "identical in scope" to records already in the public domain are not protected under FOIA's exemptions, even if they would otherwise apply. *Marino v. DEA*, 685 F.3d 1076, 1080 (D.C. Cir. 2012) ("once information has become public, any damage the agency fears from disclosure has already been done"), citing *Niagara Mohawk Power Corp. v. Dep't of Energy*, 169 F.3d 16, 20 (D.C. Cir. 1999).

Further, this principle—that already publicly available information cannot be withheld--applies to all exemptions, including Exemption 9, not just Exemption 4. *See Niagra,* 168 F.3rd at 19 ("[I]f identical information is truly public, then enforcement of an exemption cannot fulfill its purposes. *See Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1279 (D.C.Cir.1992) (Exemptions 7(C) & 7(D)); *CNA Financial Corp. v. Donovan*, 830 F.2d 1132, 1154 (D.C.Cir.1987) (Exemption 4*); Afshar v. Dep't of State*, 702 F.2d 1125 (D.C.Cir.1983) (Exemptions 1 & 3).").

Plaintiff maintains that the information the Forest Service wishes to exempt from public disclosure regarding Nestle's facility is within the public domain. The Forest Service issued a new permit to Nestle in June of this year, determining that review was exempt from the National Environmental Policy Act (NEPA) on the grounds that:

> This decision on the permit application fits within the category of actions is identified in agency procedures as "Issuance of a new special use authorization for a new term to replace an existing or expired special use authorization when the only changes are administrative, there are not changes to the authorized facilities or increases in the scope or intensity of authorized activities, and the applicant or holder is in full compliance with the terms and conditions of the special use authorization" (36 CFR 220.6(e)(l 5)). This category of action(s) is applicable because my decision to approve the issuance of a new permit replaces an existing or expired permit, specifically Nestle's 1978 permit for the same facilities. Nestle is in full compliance with their existing permit.
>
> The new permit would not change any of the authorized facilities nor would it increase the scope or intensity of Nestle's authorized water extraction activities.

Decl. Michael O'Heaney, Exh. A (Forest Service June 27, 2018, Decision Memo), p.10, DKT 33-2.

Latanga Rush's declaration describes the materials withheld pursuant to Exemption 4: "The information USFS withheld consists of proprietary mapping information describing the location of springs, wells and pathways to those locations; associated infrastructure information; technical specifications of equipment; geological and geophysical information concerning wells and geological and hydrogeological analysis of springs. . . . Additionally, the USFS withheld information that consists of proprietary groundwater production information." (Dkt. 19-1 ¶ 9-10.) It's inconsistent, at best, that Nestle's infrastructure is the same for the purposes of claiming a

categorical exemption under NEPA but completely different when justifying the agency's lack of transparency under the Freedom of Information Act (FOIA).

Plaintiff has submitted declarations showing that the substantive content of the withheld information is already in the public domain, e.g.,:

1. Any person can go onto public lands and look at the pipeline. (O'Heaney Decl. Dkt 33-2, ¶3.)
2. As built drawings from 2015 of the pipeline. (Marker Decl. Dkt 33-3, ¶2.)
3. Technical specifications for the pipeline post 2003. (Id. ¶5)
4. Pictures of the infrastructure (Id. ¶ 9)
5. GPS locations of all Nestle extraction locations in the Canyon (Id. ¶ 3)
6. Boring logs describing the geological and technical specifications of horizontal boreholes (Id.)
7. Groundwater production information (Id. ¶¶3, 8)

In addition, the government has withheld entire documents, hundreds of pages long. Under FOIA, "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). The segregability requirement limits claims of exemption to discrete units of information; to withhold an entire document, all units of information in that document must fall within a statutory exemption. *See Trans-Pacific Policing Agreement v. United States Customs Serv*., 336 U.S. App. D.C. 189, 177 F.3d 1022, 1027 (D.C. Cir. 1999) ("'It has long been a rule in this Circuit that nonexempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions.'")(internal citation omitted); *see also* 5 U.S.C. § 552(b). This court directed the Forest Service a year ago to disclose portions of documents that are in the public domain. (Dkt. 27, p. 12.) Nothing in the supplemental authority changes the law underlying that direction.

Respectfully submitted,


September 18, 2019                           /s/Rachel S. Doughty
                                    Rachel S. Doughty, D. D.C. Bar #CA00022
                                    Greenfire Law, PC
                                    2550 Ninth Street, Ste. 204B
                                    Berkeley, CA 94710
                                    (510) 900-9502, Ext. 2
                                    rdoughty@greenfirelaw.com

                                    Attorneys for Plaintiffs